[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 221
This is a second appeal from the decision of the defendant Darien Planning Zoning Commission granting approval of a subdivision application to the defendant, Daniel W. Walker. The appellant claims to own land within 100 feet of the proposed subdivision.
The approval was granted on October 12, 1993, and notice was published on October 21, 1993.
The initial appeal by the appellant to the Superior Court had a return date of November 23, 1993. That appeal was docketed as CV93-0135198S.
Both defendants moved to dismiss that first appeal for lack of subject matter jurisdiction, claiming that the Chairman of the Darien Planning Zoning Commission was never served.
Evidence in support of the motion was presented at a hearing on February 14, 1994, before this court. The sheriff's return of process indicated that, on November 4, 1994, he made service "with and in the hands of . . . Franklin Penn, Chairman of the Board, Planning and Zoning Commission, Darien, Connecticut." However, this court found, based on the testimony of Chairman Penn, that the chairman was never served either personally or by abode service; nor was a copy of process ever delivered to any other person at the office of the Commission. The sheriff was not called to testify by either party.
This court also found that the citation directed that service be made ". . . by leaving with or at the usual place of abode of the chairman or clerk of the Planning and Zoning Commission of the Town of Darien and the Town Clerk of the Town of Darien a true and attested copy of the complaint . . ." At the request of the defendants, this court found "[t]he citation does not indicate the name of the chairman or the clerk of the Darien Planning and Zoning Commission or the Town Clerk of the Town of Darien. Although, that might not be necessary. And, does not indicate any address for service of the process on the chairman of the Darien Planning and Zoning Commission. And it is defective to that extent."
This court then granted the motion to dismiss for failure to CT Page 222 serve the chairman of the Darien Planning Zoning Commission.
The appellant, James Rongoe, has now brought this second appeal from the same decision of the Darien Planning Zoning Commission with a return date of March 22, 1994. The defendant, Daniel W. Walker, was cited in to be joined as a party on May 23, 1994 with a return date of June 21, 1994.
The defendant Walker has now moved to dismiss this action on the basis that the appeal was not served in as timely fashion as required by General Statutes § 8-8(b). The appellant opposes the motion, claiming that this appeal was filed in accordance with the provisions of General Statutes § 8-8(q).
General Statutes § 8-8(q) reads:
 If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. The provisions of section 52-592 shall not apply to appeals taken under this section.
There is no dispute that this appeal was taken with fifteen days of the dismissal of the original case.
The defendant argues that the original appeal was dismissed not upon a matter of form, but because service was never effected, so the court had no subject matter jurisdiction. Thus, the issue is whether the insufficient service was "due . . . to the default or neglect of the officer to whom it was committed."
The defendant cites the case of Town of East Hartford, etal. v. Zoning Board of Appeals, et al., 10 CONN. L. RPTR. No. 13, 404 (January 17, 1994), in which a motion to dismiss for lack of subject matter jurisdiction was granted. In that case, the sheriff was directed to serve the Zoning Board by leaving the appeal papers "with or at the usual place of abode of Robert Burns, Chairman of the East Hartford Zoning Board of Appeals, 122 Henderson Drive, East Hartford, Connecticut. . . ." The court found that sheriff's return indicated that he made that abode CT Page 223 service as directed. The court also found that "[u]nfortunately, the Robert Burns who lives at 122 Henderson Drive in East Hartford is not the Robert Burns who is the chairman of the Board. Chairman Robert Burns lives somewhere else in East Hartford and never received service of process in this appeal. Furthermore, there was no service on the clerk or any other member or representative of the Board." Id.
After finding that the failure to serve the chairman or any other member of the board deprived the court of jurisdiction, Judge Maloney, in Town of East Hartford considered the possible applicability of subsection (q) of § 8-8. Judge Maloney concluded that § 8-8(q) was not applicable because:
 This statute, which is a special accidental failure of suit provision, seems clearly not to apply to the circumstances of this case. Here, the plaintiffs, who are the town and its zoning enforcement officer, must have known the chairman of their zoning Board of Appeals and presumably had his correct address in their records. The failure to provide sufficient identifying information to the sheriff, therefore, was not an "unavoidable accident". Nor was the failure to serve the right Robert Burns caused by the "default or neglect" of the sheriff, who precisely followed the directions of the plaintiffs.
The defendant argues that in the present circumstances, the fault for the improper service was the appellant's failure to state the names of the Chairman and the Town Clerk and failure to indicate any address for service. The improper service was therefore not due to the default or neglect of the officer to whom process was committed.
The appellant argues that what was resolved in Town of EastHartford was that the sheriff did not default in serving the wrong person — in fact, the sheriff scrupulously followed the direction of the plaintiff's attorney — but that the attorney essentially caused the wrong person to be served by misidentifying him. The appellant maintains that in the present situation there was no evidence presented but that the sheriff did anything other than default in the service of process.
The appellant also urges that while the citation did not list the home address of the chairman, there is no indication CT Page 224 that this contributed to the failure to serve the papers.
This court notes that General Statutes § 8-8(e) does not require the listing of the address of the chairman, but merely that: "(e) Service of legal process . . . shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. . ."
The recommended citation form in the Practice Book for administrative appeals — Form 204.7 — does not call for the name and residence of the chairman to be entered, although it does for other parties.
This court is of the opinion that while, as a matter of form, it might be wiser to indicate the name and address, especially the correct address, of the chairman, it is not necessary and the omission is not a jurisdictional issue.
The intent of General Statutes § 8-8(q) might be found in the preceding subsection — § 8-8(p):
 The right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes.
Since the defendant had based his motion to dismiss in the first action on the lack of jurisdiction caused by the failure of service of process on the chairman; since the evidence indicated that the default was the failure of the sheriff to actually serve the chairman; and, since this present appeal was brought within the time allowed by § 8-8(q):
The motion to dismiss is denied. CT Page 225